UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIELLE EVANS,

    *Plaintiff*,
                                                 CASE NO. 2:22-cv-12177

v.

                                                  DISTRICT JUDGE NANCY G. EDMUNDS
JAMES WHITE,                             MAGISTRATE JUDGE PATRICIA T. MORRIS
K. JONES,
CITY OF DETROIT,

    *Defendants*.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

For the reasons stated below, I **RECOMMEND** that this Court *sua sponte* **DISMISS** Plaintiff's claims against the Defendant K. Jones.

**II.    REPORT**

    **A. Background**

Gabrielle Evans brought this civil rights action against the City of Detroit and two police officers, James White and K. Jones, who she alleges "beat" her and "ignored [her] pleas for medical treatment." (ECF No. 1, PageID.2, ¶ 5). The Clerk of Court issued summonses as to all three Defendants on September 14, 2022, one day after Evans filed her complaint. (ECF Nos. 2–4). Plaintiff served the City of Detroit and Officer White

1

before service was due on December 12. (ECF Nos. 7, 8). However, Plaintiff had not served Jones by the December 12 deadline, and on December 13, Plaintiff's Counsel moved the Court to extend the time for service, explaining that the process server attempted to serve Jones on October 20 at Jones' last known work address, but that Jones had since retired. (ECF No. 13, PageID.60, 66–67). The process server did not inform Plaintiff's Counsel of this failure until December 9. (*Id.* at PageID.66–67).

The Undersigned granted Counsel's request for an extension and gave Plaintiff until January 14 to serve Jones. (*See* ECF No. 14, PageID.68). But by January 24, Plaintiff still had not served Jones, and the Undersigned directed Plaintiff to show cause why her claims against Jones should not be dismissed without prejudice for failure to serve. (*Id.*) Counsel replied to the show cause order on February 8. (ECF No. 16). He explained that Defense Counsel provided him with "incident investigation reports" which Plaintiff's Counsel hoped would help him discover Officer Jones' full name and current address. (*Compare* ECF No. 16, PageID.73, *with* ECF No. 13, PageID.61). Plaintiff's Counsel does not state whether he learned that information after receiving the incident reports. (*Id.* at PageID.73–74; *see also* ECF No. 13, PageID.61). Instead, he explains that the reports raised "questions" concerning whether Plaintiff should continue to pursue her claims against Officer Jones which can only be answered by Plaintiff herself. (ECF No. 16, PageID.74). However, Counsel "has not been able to reach" Plaintiff, and he requests an additional forty-five days to attempt to contact her. (*Id.*) Counsel does not specify what "questions" he needs Plaintiff to answer. (*Id.*)

**B. Analysis**

If a defendant has not been served with a summons and complaint "within [ninety] days after the complaint is filed," then the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* But if Plaintiff did not have good cause, the Court can exercise its discretion to either set a new deadline or dismiss the plaintiff's claims without prejudice. *Wise v. Dep't. of Def.*, 196 F.R.D. 52, 54–57 (S.D. Ohio 1999) (holding that absent good cause, courts have discretion under Rule 4(m) to either extend the deadline or dismiss the action without prejudice); *see also In re Lopez*, 292 B.R. 570, 575 (E.D. Mich. 2003).

To demonstrate good cause under Rule 4(m), a Plaintiff must have acted with "excusable neglect." *Overbay v. Israel*, No. 2:16-cv-00337, 2017 WL 1377374, at *3 (E.D. Tenn. Mar. 24, 2017) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). Excusable neglect is a "strict" standard which "can only be met in extraordinary cases." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quotation marks omitted) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)).

The standard contains two elements. First, the party must demonstrate that he or she "fail[ed] to do something" either because of "carelessness" or because of "a simple, faultless omission to act." *Id.* Second, the party must show that his or her failure to act was "excusable." *Id.* This "is at bottom" an equitable inquiry. *Id.* The Court must consider "all relevant circumstances" including "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay,

3

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quotation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). Although relevant, the lack of prejudice to the opposing party is not, by itself, sufficient to demonstrate excusable neglect. *Moncrief*, 961 F.2d at 597.

Here, Plaintiff fails to demonstrate that her failure to serve Jones was due to "excusable" neglect. While Plaintiff carries the burden of demonstrating good cause, Counsel does not explain how Plaintiff's failure to serve Jones was due to a "faultless omission." *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). Rather, Counsel seems to imply that he *chose* not to serve Jones on Plaintiff's behalf because he had unspecified "questions" about Jones' involvement. (ECF No. 16, PageID.73–74); *see Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) ("Clients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect."). But that is not a valid excuse—Rule 4 requires plaintiffs to notify defendants of the pending lawsuit in a timely manner; it does not permit plaintiffs to disregard deadlines while they ponder whether they should have named a defendant the complaint to begin with. *See* Fed. R. Civ. P. 4(b)(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."). So whatever concerns Counsel has about these claims can wait—Jones has an interest in responding to Plaintiff's allegations and participating in the ongoing litigation. At bottom, Counsel does not carry his burden in establishing that he or his client excusably or

justifiably neglected to effect service. Accordingly, Plaintiff has not demonstrated good cause and the Court need not further extend the deadline.

Nor should the Court exercise its discretion to extend Plaintiff's deadline again. Absent good cause, the decision to dismiss an action or extend the plaintiff's deadline, under Rule 4(m), is well within the district court's discretion. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001). In deciding whether to grant an extension under Rule 4(m), this Court typically considers the following non-exhaustive list of factors:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Id.* (citing *Wise*, 196 F.R.D. at 56); *see also Bell v. City of Southfield*, No. 19-cv-13565, 2020 WL 6440924, at *5 (E.D. Mich. Nov. 3, 2020).

But for many of the same reasons that Plaintiff failed to demonstrate good cause, the Court should decline to extend his deadline any further. Although an extension would do little to prejudice Jones, the remaining factors weigh in favor of dismissal. *See Slenzka*, 204 F.R.D. at 326. To start, Plaintiff has not demonstrated any "good faith efforts" to effect service after the Court's first extension. In his response to the Court's show cause order, Counsel states that he received "incident reports" from Defense Counsel, which he previously claimed might help him to locate Jones. (*Compare* ECF No. 16, PageID.73, *with* ECF No. 13, PageID.61). However, Counsel completely neglects to state whether these reports provided him with enough information to identify and locate Officer Jones.

5

(ECF No. 16). And despite neglecting to detail his efforts to effect service, Counsel now asks for an additional forty-five-day extension—not to locate Jones, but to confer with Plaintiff regarding the nature of her claims against Jones. (*See id.* at PageID.74).

Moreover, Jones does not appear to have actual notice of this lawsuit, and, following dismissal, Plaintiff may bring the same claims against the Jones once she can effect service. Because Plaintiff's injury occurred on June 6, 2020, she has until June 6, 2023 to file a new claim against Jones. *See Davis v. Ludwick*, No. 13-cv-12536, 2015 WL 1728390, at *3–4 (E.D. Mich. Apr. 15, 2015). Although the statute of limitations for Plaintiff's claims will soon expire, her claims are not yet time-barred. Considering the totality of Plaintiff's case, I suggest that the Court should dismiss her claims against the K. Jones without prejudice.

### C. Conclusion

For these reasons, I **RECCOMEND** that the Court *sua sponte* **DISMISS** Plaintiff's claims against K. Jones without prejudice.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some

6

objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 10, 2023                                S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge